[Civ. No. 1537.  Third Appellate District.—June 14, 1916.]

B. SCHNEIDER et al., Petitioners, v. J. O. MONCUR, Judge of the Superior Court of Plumas County, Respondent.

TRUST—CONVEYANCE OF REAL PROPERTY—SALE AND PAYMENT OF DEBTS OF GRANTOR—PROFITS DURING CONTINUANCE OF TRUST—FINDINGS—JURISDICTION TO ORDER SUBSEQUENT ACCOUNTING.—In an action to have it declared that certain real property which included a running hotel and saloon business was conveyed to the wife of a debtor of the grantor upon the understanding of the debtor and grantor that the former was to sell the property, apply the proceeds in payment of such indebtedness together with certain other debts of the grantor, and pay to the grantor the residue, the finding that the debtor did not agree to pay to the grantor a fair or any proportion of the rents, issues, and profits of the property during the continuance of the trust, is not an express or explicit finding that no liability to account arose from the trust, and the court has jurisdiction to thereafter order an accounting to be made.

APPLICATION for a Writ of Prohibition originally made to the District Court of Appeal for the Third Appellate District.

The facts are stated in the opinion of the court.

H. B. Wolfe, for Petitioners.

L. N. Peter, U. S. Webb, and Robert T. McKisick, for Respondent.

CHIPMAN, P. J.—Plaintiffs bring the action to prohibit defendant from "compelling defendants or either of them to render an account of receipts and disbursements of and pertaining to a saloon and hotel business carried on by defend-

ants since the 14th day of February, 1910, in a certain action pending in the superior court of Plumas County and entitled 'Della R. Edwards, sometimes known as Della R. Harding, plaintiff, *v.* B. Schneider and Mrs. Abbie Schneider, defendants.' ''

It appears from the petition that on January 4, 1913, respondent, as judge of said superior court, made and entered findings of fact and conclusions of law in the action above referred to and, on January 4, 1913, filed a decree therein. Among other facts it was found that, on February 14, 1910, plaintiff, Mrs. Edwards, was the owner of certain real estate (full description given) which included certain hotel property "and all furniture and fixtures therein and all personal property connected therewith used in the conduct and operation of the hotel on said property"; that, on said day, plaintiff, Mrs. Edwards, conveyed said property, by deed duly executed and delivered, to defendant, Mrs. Abbie Schneider, one of the petitioners herein; that, immediately after said conveyance was made, defendant in said action, B. Schneider, agreed with plaintiff, Mrs. Edwards, "to hold said property in trust for the plaintiff, and to sell the same, and then to pay to plaintiff the residue of the amount obtained at said sale after deducting the plaintiff's indebtedness to said defendant B. Schneider, and such sums as were paid by said B. Schneider to discharge the debts owed by plaintiff to divers other parties. . . . That said trust was, after the said conveyance and prior to the 1st day of May, 1910, declared by several written instruments subscribed by the said defendant, B. Schneider." (These instruments do not appear in the petition.) It was further found: "That it is not true that defendant B. Schneider agreed with plaintiff to sell the said property for any given sum, or at any given time; and it is not true that defendant B. Schneider agreed that he would pay to plaintiff a fair, or any proportion of the rents, issues and profits of said property during the continuance of the said trust." It was also found: "Sixth. That the said property was conveyed by plaintiff to the defendant, Mrs. Abbie Schneider, at the request of the defendant, B. Schneider, who then represented to plaintiff that that course would be safer than a conveyance direct to the said last named defendant; and the said conveyance was made with the understanding that the said Mrs. Abbie Schneider should acquire no title to said

property in her own right, and that the said property should be held in her name subject to the control of said defendant B. Schneider. That the said defendant, Mrs. Abbie Schneider, at the time of the execution of the said conveyance had full notice and knowledge of the conditions under which said conveyance was made.'' It was then found that defendant B. Schneider took possession of said property ''and has since managed the same and has made no sale of said property or any part thereof.'' That, on or about October 15, 1911, ''the said defendant B. Schneider repudiated the said trust.'' As conclusions of law the court found that defendants, the Schneiders, ''should be declared trustees of said property, to have and to hold the same in trust for the plaintiff (Mrs. Edwards) ; that defendants should be required to sell the same at the earliest practicable date, and for the best available price, and after said sale to pay to plaintiff the residue . . . after deducting plaintiff's indebtedness to said B. Schneider and such other indebtedness as he had assumed, owed by plaintiff to other parties.''

The court directed and entered what is termed an interlocutory decree in accordance with the findings of fact and conclusions of law. It will be observed that no accounting by the trustees was ordered by this decree.

It further appears that on February 19, 1915, on the petition of plaintiff, Mrs. Edwards, and in the same action, for an order ''requiring defendants to render an account herein and for the recovery herein of the value of the use of the property described in the petition,'' and the ''said matter having been submitted to the court and taken under advisement,'' the court found ''all the allegations of the first, second, third, and sixth paragraphs of said petition are true.'' (The petition does not appear in the record.) Further, ''that the said trust was created and the defendants accepted the same on the 14th day of February, 1910, and ever since that said last named date said defendants have continued to and do now hold possession of the said trust property, but it is not true that such possession has been held without the consent of plaintiff, and it is not true that said defendants have dealt with and used the same for their own personal profit and advancement, or appropriated to their own use the rents, issues and profits thereof. It is true that defendants have neglected to account to plaintiff or to this court for any rents,

issues and profits of said property; that it is not true that
the interests of defendants in said trust property are antago-
nistic to the interests of plaintiff therein, or that said defend-
ants have taken no interest in said trust except for the pur-
pose of obtaining from said property the amount of their
own financial interest therein, or have taken no interest
whatever in the right of plaintiff in said property. That
it is true that defendants have endeavored to sell and dispose
of said property in accordance with the terms of said judg-
ment, and that they have been unable to sell or dispose of the
same for a sufficient sum of money to enable them to recover
the amount paid out by them in connection therewith as set
forth in said judgment, and it is true that they have at all
times used due and reasonable diligence and have used all
possible efforts to sell and dispose of the said trust property.''
Further, ''that the court is unable to determine from the evi-
dence herein the value of the use of said property from Feb-
ruary 14, 1910. That it is true that the cost for taxes and
insurance on said property since February 14, 1910, is
$1120.00 per annum; that it is not true that said property
does now or since said 14th day of February, 1910, has paid
a profit over all expenses connected with the same of $450.00
per annum.

''As conclusions of law from the foregoing facts, the court
finds: 1. That the defendants should be required to render
to this court within fifteen days, a full, true and correct ac-
count of all matters pertaining to said trust from February
14, 1910, to the date of the filing of said petition. 2. That
the defendants should not be removed from said trust at this
time. 3. That plaintiffs should recover nothing from defend-
ants at this time for the use of said property. Let a decree
be entered accordingly.''

No further proceedings appear until November 8, 1915,
when an order was made by the court reciting that ''the
defendants having filed an account herein pursuant to the
decision and decree made and filed in said matter on the
23d day of February, 1915 (the date of said order elsewhere
appears to have been February 19), and plaintiff having filed
a contest and objection to said account, and said matters com-
ing on regularly to be heard upon the said account . . . and
evidence having been introduced and it appearing to the
court, from said evidence and from said account, that no

sufficient or any account has been filed herein in accordance with the decision and decree of this court heretofore made herein; Now, therefore, it is ordered: That said account be, and the same is hereby declared to be an insufficient accounting of the receipts and disbursements, rents, issues and profits resulting from the carrying on of said trust, as referred to in said decision and decree. It is further ordered that said defendants be, and they are, hereby ordered to account to the court for all the receipts and disbursements, rents, issues and profits resulting from the operation of the said trust and that said defendants return to and produce before this court, on Thursday, the eleventh day of November, 1915, at ten o'clock A. M. at the court room of said court, all the books, accounts, checks, receipts and other evidences of the receipts or expenditures in anywise relating to or bearing upon the carrying on of said trust from the 14th day of February, 1910, to the date of the filing of plaintiff's petition herein for an accounting. Done in open court, this 8th day of November, 1915.''

The ground upon which petitioners base their application for the writ is: ''That the decree set forth in the application as of date January 4, 1913, . . . is a final adjudication of the matter and finally settles the rights of the parties; that this decree is not elastic and cannot be enlarged for the benefit of plaintiff nor can it be reduced or made effective for the benefit of defendants.'' The instruments creating the trust are not set forth in the application for the writ. We know nothing of the nature and extent of the trust except as we learn the facts from the findings and decree entered January 4, 1913, and the subsequent proceedings. Petitioners rely upon the following finding: ''It is not true that defendant B. Schneider agreed that he would pay to plaintiff a fair, or any proportion of the rents, issues and profits of said property during the continuance of said trust.'' The concluding paragraph of the findings is as follows: ''Let an interlocutory decree be entered accordingly.'' In the decree, which is entitled ''Interlocutory Decree,'' the court adjudged and decreed ''that the defendants be and they are hereby declared to be trustees of the property in plaintiff's complaint and herein described, to have and to hold the same in trust for the plaintiff and to sell the same at the earliest practicable date,'' and to discharge the debts owing by plaintiff and to

pay plaintiff any residue remaining after such payment; "that plaintiff is entitled to have such trust enforced by this court in this action" [a full description of the property follows], "together also with all and singular the tenements . . . and the rents, issues and profits thereof . . . also all the water, water rights, ditches, flumes, pipe lines, reservoirs, easements and appurtenances thereunto belonging or used and enjoyed in connection therewith; together also with all improvements thereon or any part thereof and all furnishings and fixtures therein and all personal property connected therewith used in the conduct and operation of the hotel on said property."

The petition or complaint, and answer if any there was, in the action in which the findings and decree of January 4, 1913, were made, do not appear. It is only by inference drawn from the findings that the liability of the trustees to account for the rents, issues, and profits of the property confided to their control and custody was a question then before the court. The property consisted in part of an equipped hotel and saloon, concededly an income producing property which was taken possession of and operated by the trustee. The court found "that immediately after the execution of said conveyance [the trust instruments] the said defendant B. Schneider took possession of said property, and has since been managing the same, and has made no sale of said property or any part thereof."

The finding now relied upon is not an explicit or express finding that no liability of the trustees to account for the rents, issues, and profits of the property arose from the trust. The finding is, "and it is not true that defendant B. Schneider agreed that he would pay to plaintiff a fair, or any proportion of the rents, issues, and profits of said property during the continuance of the said trust." This may mean that the trust conveyance contained no express agreement to pay to plaintiff the rents, issues, and profits. The court, by its subsequent orders, seems to have treated the issue as undetermined. In its decree following this finding no mention is made of the rents, issues, and profits of the property. If the court had intended to adjudge finally that the trustee named was relieved from any liability to account for rents, issues, and profits during his trusteeship, the decree should have so adjudged, for upon every principle governing trusteeship

there would be an implied duty so to account. It cannot be presumed that, in the absence of any provision in the instrument creating the trust so to account, the trustee could hold and enjoy the use and incomes of trust property for an indefinite period and account to no one. Distinctly, the duty of the trustee was to manage the property in the interest of the trustor as well as of all the creditors whom the trustee represented. Nothing short of an adjudication by the court that no such duty rested upon the trustee could relieve him therefrom. All the proceedings show that the trust was a continuing trust over which the court retained its power of direction and control when properly invoked. The decree shows that, for reasons then no doubt appearing, the trustee should not be removed; that he was not blameful for not having sold the property during the three intervening years. Why an accounting for rents, issues, and profits was not then ordered we do not know. We must presume that the court then found no necessity for so ordering. It will be observed that the property, the subject of the trust, is fully set forth in the decree and therein are mentioned, as part of the property, "the rents, issues and profits." The next step taken, so far as the record shows, was on February 19, 1915, on which date findings of fact and conclusions of law were made and entered, and decree entered in accordance therewith. These proceedings seem to have been taken in the same action as that in which the findings and decree of January 4, 1913, were made but apparently by a further petition. The pleadings are not set forth, but it appeared from recitals in the findings of fact that "a petition for an order requiring defendants to render an account herein" was heard, "upon testimony produced by plaintiff and defendants. The court found that "all the allegations of the first, second, third, and sixth paragraphs of said petition are true." What these paragraphs set forth does not appear. The court found further that "the said trust was created and the defendants accepted the same on the 14th day of February, 1910, and ever since said last named date said defendants have continued to and do now hold possession of the said trust property." The findings are set forth in full upon an earlier page of this opinion. It was found that "defendants have neglected to account to plaintiff or to this court for any rents, issues, and profits of said property," and as conclusions of law, among

others, it was found "that the defendants should be required to render to this court within fifteen days a full, true and correct account of all matters pertaining to said trust from February 14, 1910, to the date of the filing of said petition; . . . that plaintiff should recover nothing from defendants at this time for the use of said property." The decree ordered "that defendants render to this court within fifteen days from the date herein a full, true and correct account of all matters pertaining to said trust," etc.

On November 8, 1915, the court made and entered the order hereinabove set forth, and which is the order the enforcement of which petitioners now ask to have this court prohibit. The court therein recited that "defendants having filed an account in obedience to the order of February 23, 1915, . . . that no sufficient or any account has been filed herein in accordance with the decision and decree of this court heretofore made herein; Now, therefore, it is ordered . . . that said defendants be and they are hereby ordered to account to the court for all the receipts and disbursements, rents, issues, and profits resulting from the operation of said trust . . . and to return to and produce before this court . . . all the books, accounts, checks, receipts and other evidences of the receipts and expenditures in anywise relating to or bearing upon the carrying out of said trust from the 14th day of February, 1910, to the date of the filing of plaintiff's petition herein for an accounting."

The point now urged in support of the petition for the writ is that the court was without jurisdiction to make the order last above referred to, for the reason that by its order of January 4, 1913, it adjudged that the trust did not require an accounting of the rents, issues, and profits of the property; that such order was final, and the court thereby lost jurisdiction to impose upon the trustees the duty of rendering such account.

We cannot accede to this constuction of the decree referred to or of the proceedings of the court in the matter. Apparently the principal purpose of the trust was to bring about a sale of the property and thereby the payment of the trustor's liabilities. In January, 1913, no sale had been effected, and the court refused to remove the trustees, being satisfied that they had used all proper efforts to effect a sale. In 1915 no sale had yet been made, and the court still retained its confi-

dence in the trustees and continued their trusteeship by refusing to remove them. But the court now believed that, after holding the property for five years, it was due to all parties interested that the trustees should render an account of receipts and disbursements, as we think the court had the power to do. We cannot assume, as petitioners seem to fear, that they will be unnecessarily annoyed in being obliged to bring into court the evidences of their transactions respecting the property. It must be presumed that at the hearing the court will hold the scales of justice at equipoise and accord to all the parties alike the equal protection of the law. Petitioners may have adjudicated all their rights involved at the hearing and fully preserved, for review if necessary, by the record therein made. It may turn out that the necessary expenses and disbursements and just compensation to the trustees in administering the trust will exceed the receipts, but with the result, whatever it may be, the court cannot now concern itself.

The writ is denied.

Hart, J., and Ellison, J., *pro tem.,* concurred.